# IN THE COURT OF APPEALS OF IOWA

No. 20-0903
Filed August 18, 2021

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JEFFREY SCOTT GUNDERSEN,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Harrison County, Margaret Reyes,

Judge.

　　　　Defendant appeals his conviction for assault causing bodily injury.

**AFFIRMED.**

　　　　Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg,

Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant

Attorney General, for appellee.

　　　　Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

Jeffrey Gundersen appeals his conviction for assault causing bodily injury. On appeal, Gundersen claims he received ineffective assistance of counsel. We conclude that based on Iowa Code section 814.7 (Supp. 2019), we cannot consider Gundersen's claims of ineffective assistance of counsel in this direct appeal. Such claims must be raised in postconviction-relief proceedings. Also, we do not apply a plain error rule. We affirm Gundersen's conviction.

On September 3, 2019, while Gundersen was in jail, he was involved in an altercation with another inmate, who sustained injuries as a result of the incident. Gundersen was charged with willful injury causing serious bodily injury, in violation of Iowa Code section 708.4(1) (2019).[1] A jury found Gundersen guilty of the lesser included offense of assault causing bodily injury. Gundersen was sentenced to 120 days in jail.

Gundersen filed a notice of appeal on June 25, 2020. He claims he received ineffective assistance because trial counsel did not object to Instruction No. 16.[2] He contends the provision that statements could be considered "just as if they had been made at this trial," is a misstatement of the law.

---

[1] Gundersen was originally charged with assault causing serious injury, in violation of Iowa Code section 708.2(4). The district court granted the State's motion to amend the charge to willful injury causing serious bodily injury.

[2] Jury Instruction No. 16 states:

> Statements by the Defendant. Evidence has been offered to show that the defendant made statements at an earlier time and place.
> If you find any of the statements were made, then you may consider them as part of the evidence, just as if they had been made at this trial.

The State responded that section 814.7 (Supp. 2019) prohibited Gundersen from making a claim of ineffective assistance of counsel on direct appeal. Section 814.7 provides:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and the claim shall not be decided on direct appeal from the criminal proceedings.

Gundersen claims section 814.7 violates his due process rights and interferes with his right to the effective assistance of counsel. He asserts the statute improperly restricts the jurisdiction of appellate courts.

These issues were recently addressed by the Iowa Supreme Court in *State v. Treptow*, where the court found, "The right to the effective assistance of appellate counsel where direct appeal is available does not create an entitlement to direct appeal as a matter of right and a further entitlement to present any and all claims on direct appeal as a matter of right." 960 N.W.2d 98, 107 (Iowa 2021). The court also found, "There is no due process right to present claims of ineffective assistance of counsel on direct appeal." *Id.* at 108.

We conclude that based on section 814.7, we cannot consider Gundersen's claims of ineffective assistance of counsel in this direct appeal. Such claims must be raised in postconviction-relief proceedings. *See* Iowa Code § 814.7; *State v. Watson*, No. 20-1333, 2021 WL 2452049, at *3 (Iowa Ct. App. June 16, 2021).

Alternatively, Gundersen asks the court to adopt a plain error rule. The Iowa Supreme Court has declined to adopt a plain error rule. *See State v. Martin*, 877 N.W.2d 859, 866 (Iowa 2016) ("[W]e have repeatedly declined 'to abandon

our preservation of error rules in favor of a discretionary plain error rule.'" (citation omitted)). The Iowa Court of Appeals is not "at liberty to overturn Iowa Supreme Court precedent." *Nationwide Agribusiness Ins. Co. v. PGI Int'l*, 882 N.W.2d 512, 518 n.4 (Iowa Ct. App. 2016). We conclude the plain error rule should not be applied.

We affirm Gundersen's conviction.

**AFFIRMED.**